UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RABINDRAH SINGH,

        Plaintiff,

        - against -

FEDERAL BUREAU OF PRISONS, et al.,

        Defendants.
------------------------------------------------------------------X

**ORDER**
11-CV-5560 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On November 15, 2011, plaintiff Rabindrah Singh filed this action against the Federal Bureau of Prisons and John Does #1-3. (Doc. No. 1.) He brought several causes of action pursuant to 42 U.S.C. § 1983 and state tort law, alleging that defendants negligently failed to prevent plaintiff from suffering an assault that allegedly occurred at the hands of other inmates while he was incarcerated at the Metropolitan Detention Center in Brooklyn, New York. (*Id.*) On June 22, 2012, plaintiff amended his complaint to add the United States as a defendant and provided additional allegations regarding the assault. (Doc. No. 7.) The United States and the Federal Bureau of Prisons answered the complaint on August 1, 2012, denying the majority of plaintiff's allegations and asserting fourteen affirmative defenses. (Doc. No. 11.)

      On October 10, 2012, Craig W. Pherminster, who represented Mr. Singh, filed a letter to the Court seeking a pre-motion conference to discuss a motion to withdraw as Mr. Singh's attorney. (PMC Req. (Doc. No. 12).) Plaintiff, upon his release from prison, had been deported to Guyana because his felony conviction violated the terms of his residency status. (*Id.* at 1.) Despite Mr. Pherminster's repeated attempts to contact him, plaintiff had become unreachable; it had therefore become impossible to prosecute the action. (*Id.*) Per Magistrate Judge Pollak's instructions, Mr. Pherminster made a formal motion to withdraw from further representation pursuant to Local Rule 1.4 on October 26, 2012. (Doc. No. 15.) On November 16, 2012, Judge Pollak granted Mr.

Phemister's motion, and on November 19 she issued an order giving plaintiff sixty days to obtain new counsel or contact the Court if he wished to pursue his case *pro se*. (Doc. Nos. 16, 17.) The Court warned that if plaintiff failed to respond, the case would be dismissed for failure to prosecute. (Doc. No. 17. at 1.) Judge Pollak instructed Mr. Phemister to send a copy of the order to plaintiff via email and provide a copy to plaintiff's mother in case she was able to reach him. (*Id.* at 2.) No response from plaintiff was ever received.

On January 23, 2013, Judge Pollak issued a Report and Recommendation ("R&R"), recommendinga *sua sponte* dismissal of this action pursuant to Fed. R. Civ. P. 41(b) in light of plaintiff's failure to respond and the fact that "in all likelihood," plaintiff was in Guyana and was "never again to return to the United States." (Doc. No. 18 at 2.) Judge Pollak reminded the parties that pursuant to Fed. R. Civ. P. 72(b), any objections to the R&R were due within fourteen days from service of that report. (R&R at 2.) The R&R was mailed to plaintiff on January 23, 2013 and to his mother on January 25, 2013 at their last-known addresses. Neither plaintiff, nor anyone on his behalf, nor any other party has contacted the Court or filed any objections to the R&R.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court has reviewed the R&R for clear error and finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, it is hereby ORDERED that plaintiff's action is DISMISSED without prejudice for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly, mail a copy of this order and the judgment to plaintiff and his mother at their last-known addresses, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 7, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge